# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>TELEXFREE, LLC,<br>TELEXFREE, INC. and<br>TELEXFREE FINANCIAL, INC.,<br><br>　　　　　　　　　Debtors.<br>STEPHEN B. DARR AS HE IS THE TRUSTEE<br>OF THE CHAPTER 11 ESTATES OF EACH OF<br>THE DEBTORS,<br><br>　　　　　　　　　PLAINTIFF,<br><br>v.<br><br>MARCO PUZZARINI A REPRESENTATIVE OF<br>A DEFENDANT CLASS OF NET WINNERS,<br><br>　　　　　　　　　DEFENDANTS. | Chapter 11 Cases<br><br>14-40987-MSH<br>14-40988-MSH<br>14-40989-MSH<br><br>Jointly Administered<br><br><br><br>Adversary Proceeding<br>No. 16-04007 |

## RULE 26(f) CERTIFICATION AND DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f), Fed. R. Bankr. P. 7026, and M.L.B.R. 7016, Stephen Darr, as he is Trustee of the Chapter 11 Estates of TelexFree, LLC, TelexFree, Inc. and TelexFree Financial, Inc. (the "Trustee"), and Marco Puzzarini and Sandro Paulo Freitas as representatives of the Defendant Class (collectively, the "Defendants"), hereby submit the following Rule 26(f) Certification and Discovery Plan.

**1. Initial Disclosures.**

The parties participated in an initial discovery conference and discussed the likely factual and legal issues to be adjudicated in this adversary proceeding. The parties are in general agreement that resolution of this proceeding should occur in two stages. The first stage will address the Trustee's ability to establish his prima facie case for avoidance and recovery against

1

the Defendant class of alleged net winners. The second stage would entail the computation of damages against individual Defendants. With respect to the first stage of the proceeding, primary issues involve investigation and testing of the Debtors' electronic records which contain data of Participant activity and the reasonableness of the methodology employed by the Trustee to determine net winners.

In connection with the related class action (Adv. Pro. No. 16-04006 the "Domestic Case"), the parties have exchanged substantial information which is equally applicable to this case. That exchange of information will be admissible in this case and satisfy the parties' initial disclosure requirements.

2. **Discovery.**

The primary factual issues to be addressed in this case is the same as in the Domestic Case which is the reliability of the Trustee's methodology in determining who is a "Net Winner". The parties have worked cooperatively in the Domestic Case to exchange relevant documents and the Trustee has responded to inquiries concerning underlying assumptions he employed in arriving at his methodology. It is not anticipated that any extensive discovery will be required in this action and the parties will continue to work cooperatively to exchange information.

The parties propose that the factual discovery deadline remain March 20, 2018. It is anticipated that issues concerning the Trustee's methodology will be brought before the Court in the Domestic Case and the findings in that matter will be binding in this case.

3. **Experts.**
    a. <u>Reports</u>. The parties have informally exchanged reports in the Domestic Case. The parties are currently meeting and conferring with respect to framing the issues that need to be presented to the Court in the Domestic Case that require

expert testimony.  The parties believe that it not necessary at this time to set a deadline for filing expert reports and it would be more efficient to await a determination in the Domestic Case.

b. <u>Depositions of Experts</u>.  After exchanging expert reports, the parties will confer as to the need for depositions of experts and a schedule for the completion of same.

**4. Dispositive Motions and Pre-Trial Procedure.**

The parties submit that it would be more efficient to defer the setting of any deadlines for dispositive motions until after the parties have obtained rulings in the Domestic Case regarding the Trustee's methodology in determining "Net Winner" has been addressed.

**5. Certificate of Conference.**

The parties conducted their initial Rule 26(f) conference in-person and jointly prepared this Discovery Plan.

**STEPHEN B. DARR AS TRUSTEE OF THE CHAPTER 11 ESTATES OF TELEXFREE, LLC, TELEXFREE, INC. AND TELEXFREE FINANCIAL, INC.**

By his counsel,

 /s/ Andrew G. Lizotte
Charles R. Bennett, Jr. (BBO #037380)
Andrew G. Lizotte (BBO #559609)
Murphy & King Professional Corporation
One Beacon Street
Boston, Massachusetts  02108
(617) 423-0400
CBennett@murphyking.com
ALizotte@murphyking.com

3

        MARCO PUZZARINI AND SANDRO
        PAULO FREITAS AS CLASS
        REPRESENTATIVES FOR THE
        DEFENDANT CLASS OF NET WINNERS

        By their class counsel,

        /s/ Ilyas J. Rona
        Ilyas J. Rona, Esq.
        MILLIGAN RONA DURAN & KING LLC
        50 Congress Street, Suite 600
        Boston, Massachusetts 02109
        (617) 395-9570
        ijr@mrdklaw.com

732938